**LAULETTA BIRNBAUM, LLC**
*A New Jersey Limited Liability Company*
By:     Allan E. Richardson (Attorney I.D. No. 022411991)
591 Mantua Boulevard, Suite 200
Sewell, New Jersey 08080
Telephone:  856-232-1600
Facsimile:  856-232-1601
arichardson@lauletta.com
*Attorneys for Defendants Law Offices of Dennis E. Block, PC, and Dennis E. Block*

| | |
|---|---|
| KATHLEEN BOETTCHER, on behalf of herself and all others similarly situated on the overtimes claims only<br>          Plaintiff<br><br>v.<br><br>LAW OFFICES OF DENNIS E. BLOCK, PC, DENNIS E. BLOCK, individually, XYZ Entities 1-100, fictitious unknown business entities, J. Does 1-100, fictitious unknown individuals<br>          Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE<br><br>CIVIL ACTION<br><br>DOCKET: 17-cv-00038-NLH-KMW<br><br>ANSWER<br><br>SEPARATE DEFENSES<br><br>JURY TRIAL DEMANDED |

Defendants Law Offices of Dennis E. Block, PC, and Dennis E. Block answer:

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Denied.

5.     Admitted.

6.     Admitted.

7.     Denied.

8. Admitted.

9. Denied.

10. Denied.

11. Admitted.

12. Denied.

13. Admitted.

14. Denied.

15. Admitted.

16. Admitted.

17. Denied.

18. Admitted.

19. Admitted.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. The allegations in this paragraph are legal conclusions to which no response is required. To the extent this paragraph makes an allegation against answering party, it is denied.

25. Denied.

26. Neither admitted nor denied and plaintiff is left to strict proofs.

27. Denied.

Wherefore, defendants deny liability to plaintiff in any sum whatsoever, demand dismissal, counsel fees and cost of suit.

**Count 1**

28. Answering defendants repeat their responses to the preceding paragraphs as though set forth here in full.

29. Denied.

30. The allegations in this paragraph are legal conclusions to which no response is required. To the extent this paragraph makes an allegation against answering party, it is denied.

Wherefore, defendants deny liability to plaintiff in any sum whatsoever, demand dismissal, counsel fees and cost of suit.

**Count 2**

31. Answering defendants repeat their responses to the preceding paragraphs as though set forth here in full.

32. Denied.

Wherefore, defendants deny liability to plaintiff in any sum whatsoever, demand dismissal, counsel fees and cost of suit.

**Count 3**

33. Answering defendants repeat their responses to the preceding paragraphs as though set forth here in full.

34. The allegations in this paragraph are legal conclusions to which no response is required. To the extent this paragraph makes an allegation against answering party, it is denied.

35. Denied.

Wherefore, defendants deny liability to plaintiff in any sum whatsoever, demand dismissal, counsel fees and cost of suit.

**Count 4**

36. Answering defendants repeat their responses to the preceding paragraphs as though set forth here in full.

37. Denied.

Answering defendants repeat their responses to the preceding paragraphs as though set forth here in full.

**Count 5**

38. Answering defendants repeat their responses to the preceding paragraphs as though set forth here in full.

39. Not answered as not directed to this party. To the extent this paragraph may be construed to make a claim against answering party, it is denied.

**Separate Defenses**

1. Defendant asserts all defenses set out in *Faragher v. Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

2. Plaintiff's claim for overtime fails since she fell within an exemption recognized by both the New Jersey Wage and Hour Law and the federal Fair Labor Stndrads Act.

3. Plaintiff's claim of discrimination is barred and/or any recovery of damages is precluded because Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

4. Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

5. Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

6. At all times relevant hereto, Defendants have acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

7. Plaintiff's complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff s alleged complaints.

8. Each and every action taken by Defendants with respect to Plaintiff was based upon reasonable factors other than Plaintiff s alleged complaints.

9. Each and every action taken by Defendants with respect to Plaintiff was justified by business necessity.

10. Defendants assert all defenses available to him at law and/or equity.

11. Plaintiff's rights, privileges and immunities secured under the Constitution or Laws of the United States or of the State of New Jersey have not been violated by answering defendants.

12. Answering defendants deny violating any and all rights, privileges and immunities secured under the Constitution or Laws of the United States or of the State of New Jersey to which Plaintiff may lay claim.

13. Plaintiff is barred by the statute of limitations.

14. The incident complained of was aggravated and/or caused by the actions of Plaintiff.

15. Answering defendants made no intentional act that gives rise to liability to Plaintiff.

16. Defendants breached no duty of any kind to Plaintiff.

17. Plaintiff's claim for punitive damages cannot be sustained because no defendant engaged in willful and/or egregious conduct

18. Laches.

19. Waiver.

20. Unclean hands.

21. Unjust enrichment.

**Request for Statement of Amount of Damages Claimed**

Pursuant to the Rules of Court, defendants demand that Plaintiffs serve upon the defendants within five (5) days from the date of service hereof, a written specification of the amount of money damages claimed in the within action.

**Jury Demand**

The answering defendants hereby demand a trial by jury, according to F.R.C.P. 38.

**Certification of No Related Action**

The matter in controversy is not the subject matter of any other action pending in any court or of a pending arbitration proceeding. Another action or arbitration proceeding is not contemplated. There are no other names and addresses of any parties who should be joined in the action.

**Certification of Mailing**

I do hereby certify that a copy of the within pleading was served via Pacer and by mailing same to:

Robert J. Hagerty, Esq.
714 E. Main St., Ste 2C
Moorestown, NJ 08057
Counsel for Plaintiff

**Dated:  January 9, 2017**                              **LAULETTA BIRNBAUM, LLC**

                                                              BY: */s/ **Allan E. Richardson***

                                                              **Allan E. Richardson**

                                                              Counsel for defendants